SUMMARY ORDER
Petitioner Arshad Ishmail, a native and citizen of Guyana, filed these petitions, which are consolidated for our review, seeking review of two orders of the Board of Immigration Appeals (“BIA”). First, he challenges a January 28, 2008 order of the BIA finding him deportable as a criminal alien and denying relief under the Immigration and Naturalization Act (“INA”), § 212(c). Second, he contests a June 12, 2008 order of the BIA dismissing his motion to reopen and reconsider the January 28, 2008 order. We assume the parties’ familiarity with the facts and procedural history of this case.
Petitioner contends that the May 11, 2006 order of the Immigration Judge (“IJ”), which the January 28, 2008 BIA order affirmed, should not have addressed his application for discretionary relief under INA § 212(c) because the IJ concluded that petitioner was statutorily ineligible for § 212(c) relief. Petitioner further argues that the BIA, in its order of January 28, 2008, abused its discretion in dismissing his appeal and again abused its discretion when, in its June 12, 2008 order, it dismissed as untimely his motion to reopen and reconsider its January 28, 2008 order. The Government counters that we lack jurisdiction to review these petitions because petitioner is an alien who is removable by reason of having committed a criminal offense covered by INA § 237(a)(2)(A)(iii). See 8 USC § 1252(a)(2)(C) (“[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... [8 U.S.C. § ] 1227(a)(2)(A)(iii).”)
Unless the petitioner has raised constitutional or legal questions, we do not have jurisdiction to review final orders of removal against aliens deemed by the BIA to be removable because they were convicted of certain criminal offenses, including aggravated felonies. See 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to review purely discretionary decisions, such as the BIA’s determination whether to grant waiver of removal under INA § 212(c). We may, however, review certain jurisdictional facts, such as whether the BIA correctly determined that an alien’s conviction was in fact an aggravated felony, as defined by statute. See, e.g., Sui v. INS, 250 F.3d 105, 110 (2d Cir.2001); see also 8 U.S.C. § 1101(a)(43) (enumerating offenses that qualify as an aggravated felony).
In this case, petitioner has not challenged the BIA’s determination that he was removable as an alien convicted of an aggravated felony, and he does not assert that we have jurisdiction to review the BIA’s denial of § 212(c) relief. Rather, petitioner attacks the IJ’s June 12, 2008 order insofar as it observed that petitioner was ineligible for withholding of removal but, in the alternative, denied § 212(c) relief on discretionary grounds, under the assumption that petitioner was eligible for waiver of removal. Petitioner asserts that the IJ’s former determination — that petitioner was ineligible for waiver of removal — stripped the IJ of jurisdiction to consider his petition for discretionary relief.
Insofar as petitioner’s position is a legal challenge to the jurisdiction of the IJ, we may consider it. As a general proposition, IJs may adjudicate applications for § 212(c) relief. See 8 C.F.R. § 1240.1(a)(1)(h) (stating that an IJ “shall have the authority to ... determine applications under ... former section 212(c) of *89 the [INA]”); see also 8 C.F.R. § 1212.3(a) (providing that IJs may preside over “an application by an eligible alien for the exercise of discretion under the former section 212(c) of the [INA]”). Far from stripping IJs of the authority to issue orders based on alternative conclusions, applicable regulations explicitly state that an IJ presiding over removal proceedings “is authorized to issue orders in the alternative or in combination as he or she may deem necessary.” 8 C.F.R. § 1240.12(c). For these reasons, the IJ did not improperly deny petitioner’s application for waiver from removal.
Petitioner’s remaining arguments are without merit and do not require further discussion. Accordingly, the petition for review of the BIA’s June 12, 2008 order dismissing petitioner’s motion to reopen and reconsider its January 28, 2008 order is DISMISSED, and the petition for review of the January 28, 2008 order is DENIED insofar as it raised a challenge to the jurisdiction of the IJ.